**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5190**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

     v.

MARCUS NIKITA JENNINGS, a/k/a Marcus Jennings, a/k/a Marc
Jennings, a/k/a Mark Jennings,

        Defendant – Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Lynchburg.  Norman K. Moon, District
Judge.  (6:06-cr-00004-nkm-1)

Submitted:  April 29, 2010        Decided:  May 3, 2010

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Randy V. Cargill,
Assistant Federal Public Defender, Christine Madeleine Spurell,
Research and Writing Attorney, Roanoke, Virginia, for Appellant.
Ronald Andrew Bassford, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Nikita Jennings pled guilty, pursuant to a plea agreement, to distribution of five grams or more of cocaine base, pursuant to 21 U.S.C. § 841(a)(1) (2006). The conditional plea preserved Jennings' right to appeal the district court's denial of his motion to suppress. Jennings was sentenced to 188 months' imprisonment. Jennings' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but alleging that the district court erred in denying Jennings' motion to suppress. Although informed of his right to do so, Jennings has not filed a pro se supplemental brief. The Government did not file a reply brief. Finding no reversible error, we affirm.

In reviewing the district court's ruling on a motion to suppress, we review the district court's factual findings for clear error, and its legal determinations de novo. United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008). The facts are reviewed in the light most favorable to the prevailing party below. United States v. Jamison, 509 F.3d 623, 628 (4th Cir. 2007). With these standards in mind, and having reviewed the transcript of the suppression hearing, we conclude the district court did not err in denying Jennings' motion to suppress.

2

We review Jennings' sentence for reasonableness under an abuse of discretion standard.[*] <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. <u>Id.</u> In determining whether a sentence is procedurally reasonable, this court must first assess whether the district court properly calculated the defendant's advisory Guidelines range. <u>Id.</u> at 49-50. This court then must consider whether the district court considered the factors in 18 U.S.C. § 3553(a) (2006), analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. <u>Id.</u> "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009) (citation omitted).

Although the district court procedurally erred when it imposed Jennings' sentence without explicitly making an

---

[*] Though Jennings' plea agreement contained an appeal waiver in which Jennings agreed to waive his right to appeal his sentence, the Government has failed to assert this waiver. <u>See</u> <u>United States v. Poindexter</u>, 492 F.3d 263, 271 (4th Cir. 2007) (where <u>Anders</u> brief is filed, "the [G]overnment is free to file a responsive brief raising the waiver issue (if applicable) or do nothing, allowing this court to perform the required <u>Anders</u> review").

individualized assessment based on the particular facts of Jennings' case, because Jennings did not argue below for a sentence outside of his Guidelines range, we review the error for plain error. United States v. Lynn, 592 F.3d 572, 579-80 (4th Cir. 2010). Even if we assumed that the district court's lack of explanation of Jennings' sentence constituted an obvious error in violation of Carter, Fed. R. Crim. P. 52(b) requires Jennings to also show that the district court's lack of explanation had a prejudicial effect on the sentence imposed. See Puckett v. United States, 129 S. Ct. 1423, 1433 n.4 (2009). We find Jennings has failed to make such a showing. We further find Jennings' sentence reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (recognizing this court applies an appellate presumption of reasonableness to a within-Guidelines sentence).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jennings, in writing, of the right to petition the Supreme Court of the United States for further review. If Jennings requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

4

was served on Jennings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED